UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| MICHAEL DEREK COMPTON,        )<br>                              )<br>          Plaintiff,          )<br>                              )   Case No. <u>6:18-cv-01862-DCC</u><br>     v.                       )<br>                              )   **JURY TRIAL DEMANDED**<br>MAR PIZZA, INC. and LAKE      )<br>KEOWEE PIZZA, INC. d/b/a      )<br>"DOMINO'S PIZZA,"             )<br>                              )<br>          Defendants.         ) | |

**COMPLAINT**

Plaintiff Michael Derek Compton, individually and on behalf of all other similarly situated delivery drivers, for his Complaint against Defendants Mar Pizza, Inc. and Lake Keowee Pizza, Inc., alleges as follows:

1. Defendants together operate approximately 70 Domino's Pizza franchise stores in South Carolina, California and Illinois. Defendants' delivery drivers drive their own automobiles to deliver pizza and other food items to Defendants' customers. Instead of reimbursing their delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants utilize a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their net wages to fall below the federal minimum wage during some or all workweeks.

1

2. Plaintiff Michael Derek Compton brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid wages owed to himself and similarly situated delivery drivers employed by Defendants.

## Jurisdiction and Venue

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants employed Plaintiff in this District, Defendants operate Domino's Pizza franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

5. Defendant MAR Pizza, Inc. is a California corporation that, together with Defendant Lake Keowee Pizza, Inc., operates Domino's Pizza stores in this District.

6. Defendant Lake Keowee Pizza, Inc. is a South Carolina corporation that, together with Defendant MAR Pizza, Inc., operates Domino's Pizza stores in this District.

7. Defendants constitute a "single employer" or "single integrated enterprise" because they share common ownership,

financial control and management, conduct interrelated operations, and maintain centralized control of labor relations.

8. Alternatively and/or cumulatively, Defendants constitute joint employers of Plaintiff and other similarly situated employees as Defendants exercise control over those employees' work or working conditions, Defendants maintain an arrangement to share employees' services, Defendants act directly or indirectly in the interest of each other in relation so the employees, and/or Defendants are not disassociated with respect to the employees' employment and may be deemed to share control of the employees, directly or indirectly, because they are under common control.

9. Plaintiff Michael Derek Compton was employed by Defendants as a delivery driver from approximately February 2017 to January 2018 at their Domino's Pizza stores located in Simpsonville, South Carolina, Greenville, South Carolina and Mauldin, South Carolina, which are all located within this Division.  Mr. Compton's consent to bring this action pursuant to 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

## General Allegations

*Defendants' Business*

10. Defendants own and operate approximately 70 Domino's Pizza franchise stores in South Carolina, California and Illinois.

3

11. Defendants' Domino's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendants' Pay and Reimbursement Practices*

12. Defendants have paid their delivery drivers the exact applicable minimum wage, or at least very close to the exact applicable minimum wage, which, in at least some cases includes a tip credit for time spent performing deliveries.

13. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

14. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendants.

15. Defendants' delivery driver reimbursement policy reimburses drivers on a per-mile basis, but that per mile rate is far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

4

16. The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

17. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.535 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the American Automobile Association ("AAA"), have determined that the average cost of owning and operating a vehicle ranged between $.531 and $.580 per mile during the same years for drivers who drive a sedan 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

18. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent

5

braking, short routes as opposed to highway driving, and driving under time pressures.

19. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

20. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages they pay to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

21. Defendants fail to reasonably approximate their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

22. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

*<u>Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations</u>*

23. Regardless of the precise amount of the reimbursement at any given point in time, Defendants' reimbursement formula has

resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

24. Defendants paid Plaintiff Compton a cash wage of $7.25 per hour during his employment, including a tip credit applicable to his time spent delivering pizzas.

25. The federal minimum wages has been $7.25 per hour since July 24, 2009.

26. During Plaintiff's employment by Defendants, the per-mile reimbursement rate at the store where Plaintiff worked was $.23.

27. During his employment with Defendants, Plaintiff Compton experienced an average round-trip delivery distance of at least 5 miles per delivery.

28. During the recovery time period, the lowest IRS business mileage reimbursement rate has been $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. Using that IRS rate as a reasonable approximation of Plaintiff Compton's automobile expenses, every mile driven on the job decreased his net wages by approximately $.305 ($.535 - $.23) per mile. Considering Plaintiff Compton's estimate of at least 5 average miles per delivery, Defendants under-reimbursed him about $1.525 per delivery ($.305 x 5 miles), or more.

29. During his employment by Defendants as a Delivery Driver, Plaintiff Compton typically averaged approximately 2 deliveries per hour.

30. Thus, Plaintiff Compton consistently "kicked back" to Defendants $3.05 per hour ($1.525 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $4.20 ($7.25 per hour - $3.05 kickback), or less.

31. All of Defendants' delivery drivers had similar experiences to those of Plaintiff Compton. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid similar cash wages before deducting unreimbursed business expenses.

32. Because Defendants paid their delivery drivers a gross hourly wage equal to, or at least very close to, the applicable minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

33. While the amount of Defendants' actual reimbursements per mile may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Domino's Pizza stores. Thus,

although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

34. Defendants' low reimbursement rates were a frequent complaint of at least some of Defendants' delivery drivers, including Plaintiff, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

35. The net effect of these policies is that Defendants willfully fail to pay the federal minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

## Collective Action Allegations

36. Plaintiff brings his claim under the FLSA as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

37. The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

38. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants'

records, and potential class members may be notified of the pendency of this action via mail or e-mail.

39. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

   a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

   b. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

   c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

   d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

   e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

   f. They were subject to the same pay policies and practices of Defendants;

   g. They were subject to the same delivery driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived of reasonably approximate reimbursements, resulting in

        wages below the federal minimum wage in some or all workweeks; and

j.    They were reimbursed similar amounts of automobile expenses.

**Count I:    Violation of the Fair Labor Standards Act**

40. Plaintiff reasserts and re-alleges the allegations set forth above.

41. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

42. Defendants are subject to the FLSA's minimum wage requirements because they constitute an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

43. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

44. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum

11

wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

45. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

46. As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

47. Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

48. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

49. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

50. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile

12

expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

51. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

52. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys'

fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### **Demand for Jury Trial**

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Dated:  July 8, 2018                    Respectfully submitted,

**MANN LAW FIRM, P.A.**                 **WEINHAUS & POTASHNICK**
s/John P. Mann, Jr.                     Mark A. Potashnick (MO Bar 41315)
John P. Mann, Jr.                       (*pro hac* application forthcoming)
Attorney ID #5513                       11500 Olive Blvd., Suite 133
512 East North Street                   St. Louis, Missouri 63141
Greenville, SC 29601                    Telephone: (314) 997-9150
Telephone: (864)243-8358                markp@wp-attorneys.com
jpm@mannlaw.org

**PAUL LLP**
Richard M Paul III (MO Bar 44233)
(*pro hac* application forthcoming)
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Rick@PaulLLP.com

**ATTORNEYS FOR PLAINTIFF**

15