**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

|  |  |
|---|---|
| MICHAEL DEREK COMPTON, | Case No. 6:18-cv-01862-DCC |
| Plaintiff, | |
| vs. | |
| MAR PIZZA, INC. and LAKE KEOWEE PIZZA, INC. d/b/a "DOMINO'S PIZZA," | |
| Defendants. | |

**JOINT MOTION TO APPROVE SETTLEMENT AND TO**
**DISMISS DEFENDANTS WITH PREJUDICE**

Plaintiff Michael Derek Compton ("Plaintiff") and Defendants Mar Pizza, Inc. and Lake Keowee Pizza, Inc. ("Defendants"), have reached a settlement (the "Settlement") with respect to Plaintiff's claims against Defendants.

The Settlement was reached after the Parties exchanged information and was negotiated at arms-length by counsel experienced in wage and hour litigation. The Settlement, if approved, will provide meaningful relief to Plaintiff. Accordingly, the Parties jointly request that the Court enter the Order Reopening Case, Approving Settlement and Dismissing Defendants with Prejudice, attached as **Exhibit A**. In support of this Motion,[1] the Parties jointly state as follows:

**I.     Background**

Plaintiff filed his Complaint in the United States District Court for the District of South Carolina, Greenville Division, on July 8, 2018, alleging violations of the Fair Labor Standards Act,

---

[1] Because a full explanation of the motion as set forth in Local Civil Rule 7.05 (D.S.C.) is contained within the motion, the Parties submit to the Court that a memorandum would serve no useful purpose. Thus, the Parties have only filed the present motion.

FPDOCS 34518355.2

29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of himself and all other similarly situated delivery drivers employed by Defendants. *See* Compl. at ¶¶ 1-2 (ECF #1). Specifically, Plaintiff alleges that Defendants failed to reimburse delivery drivers the reasonably approximate cost of the business use of their vehicles, causing the drivers' wages to fall below the federal minimum wage. *See* Compl. at ¶ 1.

Defendants contend that, at the outset of his employment with Defendants on or around April 15, 2017, Plaintiff agreed to a class and collective action waiver. After Defendants produced a copy of an agreement containing such waiver, the Parties agreed to negotiate a resolution of this case on an individual basis.

To assist Plaintiff in his evaluation of the case, Defendants produced relevant mileage and reimbursement data. Through subsequent negotiations, Plaintiff reached an agreement with Defendants to settle his claims in this case.[2] The Parties are now seeking approval of the Settlement from the Court.

This Settlement is the compromise of disputed claims and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff. Defendants expressly deny having engaged in any wrongdoing or unlawful conduct in this lawsuit; dispute Plaintiff's entitlement to the amount to be paid under this Settlement absent this Settlement; and disagree with Plaintiff as to, for example and without limitation, Plaintiff's computation of the reasonably approximate cost of the business use of his vehicle. Nevertheless, the Parties have entered into this Settlement as a compromise to avoid the risks, distractions, and costs that will result from

---

[2] A copy of the fully-executed Confidential Settlement Agreement and Release entered into by the Parties will be submitted for *in camera* review.

Page 2 of 6

further litigation.

The Parties therefore jointly request that the Court approve the Parties' Settlement and dismiss Plaintiffs' claims against Defendants with prejudice.

## II.     Legal Authority

The Court should approve this Settlement because the Settlement was achieved in an adversarial context, the Plaintiff is represented by counsel experienced in wage and hour litigation and who could protect Plaintiff's rights, and the Settlement reflects a reasonable compromise over disputed issues. Moreover, the settlement provisions are fair and reasonable under all of the facts and circumstances.

### A.     The FLSA Permits the Settlement and Release of Claims with Court Approval.

"The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846 (D.S.C. 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

When reviewing a proposed settlement of an FLSA claim to determine whether a proposed settlement is reasonable, adequate and fair, the Court should consider: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; and (5) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. *See Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975).

**B.     The Settlement in this Action is Reasonable, Adequate and Fair.**

The Parties have not yet engaged in formal discovery, as the Complaint in this case was just filed on July 8, 2018.  However, counsel for the Parties have discussed the factual background of the case and have made good faith and reliable representations and disclosures to each other about central facts related to Plaintiff's claim.  Defendants have provided Plaintiff's mileage and reimbursement data to Plaintiffs' counsel for review as well.

Because Plaintiffs' claims arise under the FLSA, this case will likely involve complex legal and factual issues.  *See Holladay v. Burch, Oxner, Seale Co., CPA's, PA*, C/A No. 4:07-cv-03804-RBH, 2009 WL 614783 (D.S.C. Mar. 6, 2009) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981)) ("FLSA claims typically involve complex mixed questions of fact and law . . . .").  Further it is possible that the case, if not resolved by settlement, may require full discovery, motion practice and an ultimate hearing on the merits, given the disputed factual issues.  Specifically, calculating the reasonably approximate cost of the business use of Plaintiff's vehicle would require expert witness testimony in support of both Parties' positions.  Given that this case may be lengthy and time consuming, and considering that the potential expense of the case in relation to the potential recovery, practical concerns weigh in favor of an early resolution of this matter.

There was no fraud or collusion as part of the settlement or negotiation process.  The Parties negotiated in good faith to reach an agreeable resolution in this matter over a period of several weeks.

Plaintiffs' counsel is experienced in wage and hour litigation, and has represented individuals in numerous complex wage and hour lawsuits, including many lawsuits alleging violations of the FLSA based on under-reimbursement of vehicle expenses to delivery drivers,

throughout the United States.  *See* http://www.fairwagelawyers.com.

The Parties disagree as to the likelihood of Plaintiff's success on the merits in this case. The Settlement takes into account Plaintiff's burden to prove liability and damages and Defendants' burden to prove lack of cause for liquidated damages.  *See* 29 U.S.C. §§ 216(b), 260 (stating that an employee can recover unpaid overtime compensation plus an equal amount as liquidated damages, but that the court may decline to award such liquidated damages where the employer shows that the act or omission giving rise to such action was in good faith and that there were reasonable grounds for believing that the act or omission was not a violation).  Plaintiff will also receive an additional sum under the Settlement for costs and reasonable attorneys' fees, which fully satisfies any and all obligations he has to his attorneys for the payment of fees and expenses.[3]

## III.   Conclusion

The Parties jointly and respectfully request that the Court approve the Settlement and the terms of the release and, upon approval of the Settlement, that the Court dismiss the action against Defendants with prejudice.  A proposed Order has been attached for the Court's convenience as **Exhibit A**.

(signature page follows.)

---

[3] Plaintiff's counsel will file a separate motion for approval of attorneys' fees and costs.

Respectfully submitted,

**MANN LAW FIRM, P.A.**

*/s/* John P. Mann, Jr.
John P. Mann, Jr.
Attorney ID #5513
512 East North Street
Greenville, SC 29601
Telephone: (864) 243-8358
jpm@mannlaw.org

**PAUL LLP**
Richard M. Paul III (MO Bar 44233)
*Pro hac vice application forthcoming*
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Rick@PaulLLP.com

**WEINHAUS & POTASHNICK**
Mark A. Potashnick (MO Bar 41315)
*Pro hac vice application forthcoming*
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
markp@wp-attorneys.com

ATTORNEYS FOR PLAINTIFF

**FISHER & PHILLIPS LLP**

*/s/* J. Hagood Tighe
J. Hagood Tighe (FID 6506)
htighe@fisherphillips.com
Matthew R. Korn (FID 11579)
mkorn@fisherphillips.com
1320 Main Street, Suite 750
Columbia, South Carolina 29201
Phone: (803) 255-0000
Fax: (803) 255-0202

ATTORNEYS FOR DEFENDANTS

Dated this 9th day of November 2018.