# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

|  |  |
|---|---|
| MICHAEL DEREK COMPTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MAR PIZZA, INC. and LAKE KEOWEE ) <br> PIZZA, INC. d/b/a "DOMINO'S PIZZA," ) <br> ) <br> Defendants. ) <br> ) | Case No. 6:18-cv-01862-DCC |

## ORDER REOPENING CASE, APPROVING SETTLEMENT AND DISMISSING DEFENDANTS WITH PREJUDICE

This matter is before the Court on the Joint Motion to Reopen and Joint Motion to Approve Settlement and Dismiss Defendants with Prejudice ("Motions"), filed by Plaintiff Michael Derek Compton ("Plaintiff") and Defendants Mar Pizza, Inc. and Lake Keowee Pizza, Inc. ("Defendants"), whereby the Parties seek to reopen this case, which was previously voluntarily dismissed by Plaintiff, for the purpose of obtaining the Court's approval of the settlement on the terms as set forth in the proposed Confidential Settlement Agreement and Release ("Settlement").

Having read and carefully considered the Motions and the Settlement, the Court hereby holds:  (1) the Settlement reflects a reasonable compromise of a *bona fide* dispute with respect to liability under the FLSA; (2) the Settlement was negotiated at arms' length in an adversarial context in which both Parties were represented by competent, experienced counsel; and (3) the totality of the Settlement is fair and reasonable to both Parties.  Accordingly, it is the judgment of the Court that the Motions are hereby

GRANTED and Plaintiff's claims against Defendants are DISMISSED WITH PREJUDICE, as provided in the Settlement.[1]

IT IS SO ORDERED.

                                                s/Donald C. Coggins, Jr.
                                                United States District Judge

December 13, 2018
Spartanburg, South Carolina

---

[1] A copy of the parties' settlement agreement was e-mailed to the court's chambers for review in camera. The parties desire to maintain a confidential settlement agreement. While the parties have not filed the agreement with the court, they do seek the court's in camera review and approval of the confidential settlement pursuant to *Taylor v. Progress Energy, Inc.*, 415 F.3d 364 (4th Cir. 2005). The court's review of the settlement and subsequent dismissal does not fall within the purview of Local Civil Rule 5.03(e) (D.S.C.). This agreement does not involve "court enforced secrecy" since the penalty for disclosure is not contempt of court. As Judge Anderson noted, "Rule 5.03 addresses court ordered secrecy, i.e. a settlement whereby the parties consent to an order of the court directing that the settlement, the court documents, or whatever else the parties agree upon, remain secret. It is one thing to say that the parties have the right, as they do, to agree upon secrecy inter se; it is quite another to suggest that there is some legal right to force a judge to sign an order requiring that the parties 'hush up' on pain of contempt of court." Joseph F. Anderson, Jr., *Hidden from the Public by Order of the Court: The Case Against Government-Enforced Secrecy*, 55 S.C. L. Rev. 711, 727 (2004). In contrast, this dismissal order does not order the parties to keep silent. Rather, the parties have agreed among themselves not to disclose the terms.